No. 23-3655

# United States Court of Appeals for the Eighth Circuit

TURTLE MOUNTAIN BAND OF CHIPPEWA INDIANS, SPIRIT LAKE TRIBE, WESLEY DAVIS, ZACHERY S. KING, COLLETTE BROWN,

*Plaintiffs-Appellees*,

v.

MICHAEL HOWE, in his official capacity as Secretary of State of North Dakota,

*Defendant-Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
(No. 3:22-cv-00022)

**RESPONSE TO PLAINTIFF-APPELLEES' NOTICE OF SUPPLEMENTAL AUTHORITY**

David H. Thompson
Peter A. Patterson
Athanasia O. Livas
Special Assistant Attorneys General
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
alivas@cooperkirk.com
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036

Philip Axt (ND Bar No. 09585)
Solicitor General
pjaxt@nd.gov
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505

David R. Phillips (ND Bar No. 06116)
Special Assistant Attorney General
dphillips@bgwattorneys.com
300 West Century Ave., P.O. Box 4247
Bismarck, ND 58502

*Counsel for Defendant-Appellant*

Plaintiff-Appellees' 28(j) letter states that the Supreme Court's summary disposition of *Walen v. Burgum*, No. 23-969 (U.S.) "forecloses" the argument that a plaintiff to a VRA Section 2 challenge cannot proffer remedial maps that are predominantly based on race during the *Gingles* 1 analysis. 28(j) at 3. Plaintiff-Appellees are mistaken twice over.

First, in *Walen*, the State asked the Supreme Court to re-examine the constitutional mooring for its "assumption" that a *State*'s attempted compliance with the VRA could justify racial gerrymandering in contravention of the Equal Protection Clause. The United States argued the *Walen* appeal was not the right "vehicle" for examining the question, and the Supreme Court summarily affirmed without explanation. That isn't a "reject[ion]" of the constitutional tension. 28(j) at 3 n.2; *Mandel v. Bradley*, 432 U.S. 173, 176 (1977) ("Because a summary affirmance is an affirmance of the judgment only, the rationale of the affirmance may not be gleaned solely from the opinion below.").

And second, regardless, the Secretary's argument in this case was that, even under the Supreme Court's "assumption," there is a difference between a *State* predominantly considering race when navigating the Scylla and Charybdis of the VRA and the Equal Protection Clause to draw a map, and a *plaintiff* predominantly considering race when trying to strike down the State's map.

> The Supreme Court has "assumed" in several cases that if a *State* had good reason to believe predominantly considering race was necessary

2

to comply with the VRA, the *State* may have had a compelling reason for predominantly considering race that would permit the state's as-enacted map to survive strict scrutiny.

To the Secretary's knowledge, the Supreme Court has never "assumed" that when a *plaintiff* proffers maps during a *Gingles* 1 analysis, the *plaintiff* can engage in racial gerrymandering if the *plaintiff* believes the VRA requires it.

Secretary's Reply Br. at 17; *see also* Secretary's Opening Br. at 41. The Secretary remains unaware of the Supreme Court ever holding that a plaintiff can proffer maps that are predominantly based on race during the *Gingles* 1 analysis—and the summary *Walen* order doesn't change that.

Dated: January 14, 2025

David H. Thompson
Peter A. Patterson
Athanasia O. Livas
Special Assistant Attorneys General
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
alivas@cooperkirk.com
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036

Respectfully submitted,

*/s/ Philip Axt*
Philip Axt (ND Bar No. 09585)
Solicitor General
pjaxt@nd.gov
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505

David R. Phillips (ND Bar No. 06116)
Special Assistant Attorney General
dphillips@bgwattorneys.com
300 West Century Ave., P.O. Box 4247
Bismarck, ND 58502

*Counsel for Defendant-Appellant*

3

# CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) as the body of the response contains 349 words.

This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionately spaced typeface using the 2016 version of Microsoft Word in 14-point Times New Roman font.

As required by Eighth Cir. R. 28A(h), this response has been scanned for viruses and is virus-free.

Date: January 14, 2025

/s/ *Philip Axt*

## CERTIFICATE OF SERVICE

I certify that on January 14, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *Philip Axt*