No. 23-3655

# United States Court of Appeals for the Eighth Circuit

TURTLE MOUNTAIN BAND OF CHIPPEWA INDIANS, SPIRIT LAKE TRIBE, WESLEY DAVIS, ZACHERY S. KING, COLLETTE BROWN,

*Plaintiffs-Appellees*,

v.

MICHAEL HOWE, in his official capacity as Secretary of State of North Dakota,

*Defendant-Appellant*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
(No. 3:22-cv-00022)

**RESPONSE TO PLAINTIFFS-APPELLEES'
NOTICE OF SUPPLEMENTAL AUTHORITY**

| | |
|---|---|
| David H. Thompson<br>Peter A. Patterson<br>Athanasia O. Livas<br>Special Assistant Attorneys General<br>dthompson@cooperkirk.com<br>ppatterson@cooperkirk.com<br>alivas@cooperkirk.com<br>1523 New Hampshire Ave., N.W.<br>Washington, D.C. 20036 | Philip Axt<br>Solicitor General<br>pjaxt@nd.gov<br>600 E. Boulevard Ave., Dept. 125<br>Bismarck, ND 58505<br><br>David R. Phillips<br>Special Assistant Attorney General<br>dphillips@bgwattorneys.com<br>300 West Century Ave., P.O. Box 4247<br>Bismarck, ND 58502 |

*Counsel for Defendant-Appellant*

Rather than supporting rehearing, *Medina v. Planned Parenthood South Atlantic*, No. 23-1275 (U.S. June 26, 2025), strongly buttresses the conclusion that the panel correctly applied Section 1983 jurisprudence.

First, Part II of *Medina* squarely establishes that *Gonzaga University v. Doe*, 536 U.S. 273 (2002), applies to claimants seeking to use Section 1983 to privately enforce *all* laws, not just laws enacted under Congress's Spending Clause authority. Slip Op. 5 ("outlining how to determine whether a statute confers an individually enforceable right under § 1983"). To satisfy the "stringent" and "demanding" test for invoking Section 1983, the statute must "clear[ly] and unambiguous[ly]" display "an unmistakable focus" on individual rights. *Id*. at 6 (cleaned up); *see also id.* at 6-7 (explaining that test "vindicate[s] the separation of powers" and is an avowed departure from jurisprudence of "the mid-20th century" (cleaned up)). Part II.B. of *Medina* explains why that is especially true for Spending Clause statutes and does not detract from Part II.A.'s re-confirmation that the *Gonzaga* test applies to *all* statutes which a claimant seeks to privately enforce using Section 1983.

Second, *Medina*'s discussion of the word "right" in *Marion County Health & Hospital Corp. v. Talevski*, 599 U.S. 166 (2023), does not help Plaintiffs. *Medina* did not give the use of that word talismanic significance. Instead, it merely noted that *Talevski* involved a statute that gave nursing-home residents the "right to choose their own attending physicians" through an express outline of their specific rights.

1

Slip Op. 16. In contrast, Section 2 does not clearly confer individual rights. As the panel explained, Section 2's focus is to prohibit states from engaging in "discriminatory conduct." Panel Op. 10; *see also Gonzaga*, 536 U.S. at 290-91 (denying applicability of Section 1983 for provision of Family Educational *Rights* and Privacy Act).

Third, Justice Thomas's suggestion that Section 1983 might be *limited* to Reconstruction Amendment legislation does not suggest that Section 1983 thereby extends to *all* such legislation. Rather, Justice Thomas cautioned that Section 1983 "jurisprudence is not without guardrails" and "few federal laws truly 'secure' individual rights[.]" Slip Op. 5 n.1 (Thomas, J., concurring).

Dated: June 28, 2025

*/s/ David H. Thompson*
David H. Thompson
Peter A. Patterson
Athanasia O. Livas
Special Assistant Attorneys General
dthompson@cooperkirk.com
ppatterson@cooperkirk.com
alivas@cooperkirk.com
1523 New Hampshire Ave., N.W.
Washington, D.C. 20036

Respectfully submitted,

Philip Axt
Solicitor General
pjaxt@nd.gov
600 E. Boulevard Ave., Dept. 125
Bismarck, ND 58505

David R. Phillips
Special Assistant Attorney General
dphillips@bgwattorneys.com
300 West Century Ave., P.O. Box 4247
Bismarck, ND 58502

*Counsel for Defendant-Appellant*

# CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 28(j) as the body of the response contains 349 words.

This response complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionately spaced typeface using the 2016 version of Microsoft Word in 14-point Times New Roman font.

As required by Eighth Cir. R. 28A(h), this response has been scanned for viruses and is virus-free.

Date: June 28, 2025

/s/ *David H. Thompson*
David H. Thompson

## **CERTIFICATE OF SERVICE**

I certify that on June 28, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ *David H. Thompson*
David H. Thompson
